IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

RAVEN ANDERSON, as
Personal Administrator for the
Estate of CAMERON WILLIAMS Deceased,

    Plaintiff,

v.

WISCONSIN DEPARTMENT OF
CORRECTIONS; KEVIN A. CARR,
SECRETARY, WISCONSIN DEPARTMENT
OF CORRECTIONS; JARED HOY, DEPUTY
SECRETARY, JOHN DOE #1, CORRECTIONAL
OFFICER; JOHN DOE #2, CORRECTIONAL
OFFICER and RANDALL HEPP, WARDEN,
WAUPUN CORRECTIONAL in their individual
and official capacities.

Case No.:

JURY TRIAL DEMANDED

## COMPLAINT

NOW COMES Plaintiff, RAVEN ANDERSON, as the Personal Administrator of the Estate of CAMERON WILLIAMS, deceased, by and through her attorney, Lonnie D. Story, Esq., of the STORY LAW FIRM, LLC, and for her claims against the Defendants, alleges and states as follows:

### INTRODUCTION

1. This is a civil rights action in which Plaintiff, RAVEN ANDERSON, as Personal Representative for the Estate of CAMERON WILLIAMS, seeks relief and all damages that flow from Defendants' multiple violations of decedent CAMERON WILLIAMS's rights, privileges, and immunities as secured by the Eighth Amendment of the United States Constitution pursuant to 42 U.S.C. §1983.

2. Mr. Williams died on October 30, 2023, of a stroke caused by "multifocal cerebral venous thrombosis" while under the custody and care of Waupun Correctional Institution (WCI) located in Waupun, Wisconsin.

3. During the period leading up to October 30, 2023, Defendants owed Mr. Williams a duty to protect him from unreasonable dangers while in their custody and care.

4. During the same period, Defendants requested a Department of Justice Investigation due to the discovery of illegal drugs entering their facility during a prolonged lockdown.

5. At all times relevant, Defendants willfully and deliberately ignored their duties, specifically their duties to ensure Mr. Williams's civil rights weren't violated by subjecting him to a prolonged lockdown.

6. Defendants' failure to obtain medical care for Mr. Williams resulted in him suffering a fatal stroke.

7. On behalf of the estate of Mr. Williams, as the Personal Representative thereof, RAVEN ANDERSON seeks all relief appropriate and allowable resulting from the constitutional violations Defendants inflicted upon Mr. Williams.

8. As part of the aforementioned relief, Plaintiff RAVEN ANDERSON seeks damages for the Estate, including any and all damages recoverable under all applicable state laws, 42 U.S.C. Sections 1983 and 1988, attorney fees and costs, and any further relief deemed proper by this Honorable Court.

## **JURISDICTION AND VENUE**

9. The jurisdiction of the court is invoked pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983; the Judicial Code, 28 U.S.C. §1331, §1346, and §1391(b); the Constitution of the

United States of America; and this Court's supplementary jurisdiction powers pursuant to 28 U.S.C. §1367.

10. Venue is proper in this District under 28 U.S.C.§1391. The parties reside, or at the time the events took place, resided in this judicial district, and the events giving rise to Plaintiff's claims also occurred in this judicial district.

## PARTIES

11. Plaintiff RAVEN ANDERSON is the duly appointed Personal Representative of CAMERON WILLIAMS as his mother. RAVEN ANDERSON is a resident of COUNTY OF COOK, STATE OF ILLINOIS.

12. Defendant Wisconsin Department of Corrections ("WIDOC") is an entity run by the State of Wisconsin. The Department states it, "works to protect the public through the constructive management of those placed in its charge. We offer education, programming, and treatment to persons in our care that enables them to be successful upon returning to the community. Our mission is to achieve excellence in correctional practices while fostering safety for victims and communities."[1]

13. Defendant Kevin Carr is the Secretary of the WIDOC. Defendant Carr is responsible for the management of the WIDOC.

14. Defendant Jared Hoy is the Deputy Secretary of the WIDOC and is second in charge of the Department.

15. Defendant John Doe #1 is/was a Correctional Officer at Waupun Correctional Institution while Mr. Williams was incarcerated there. John Doe #1 was on duty on the day Mr. Williams died.

---

[1] https://doc.wi.gov/Pages/Home.aspx

16. Defendant John Doe #2 is/was a Correctional Officer at Waupun Correctional Institution while Mr. Williams was incarcerated there. John Doe #2 was on duty on the day Mr. Williams died.

17. Defendant Randall Hepp is the Warden at WCI. As warden at WCI, Defendant Hepp is responsible for all staff and inmates at WCI. Defendant Hepp is responsible for the supervision and training of staff under his management. Defendant Hepp is also responsible for ensuring the health, safety, and well-being of all inmates at WCI.

## FACTUAL ALLEGATIONS

18. Defendant WIDOC is an entity run by the State of Wisconsin. The Department states it, "works to protect the public through the constructive management of those placed in its charge. We offer education, programming, and treatment to persons in our care that enables them to be successful upon returning to the community. Our mission is to achieve excellence in correctional practices while fostering safety for victims and communities."[2]

19. At all times relevant, Defendant WIDOC was responsible for providing medical and mental health services, treatment, and medication to Mr. Williams while in custody.

20. Defendant WIDOC was additionally responsible for creating and implementing policies, practices, and protocols that govern the provisions of mail intake, guard monitoring, and the control of illegal contraband entering/exiting WCI.

21. WCI's Purpose Statement alleges, "The purpose of Waupun Correctional Institution (WCI) is to provide inmates, staff, and the public with a safe and secure institution, *while encouraging positive growth and enabling inmates to successfully re-enter society.*"[3]

---

[2] *Id.*

[3] https://doc.wi.gov/Pages/OffenderInformation/AdultInstitutions/WaupunCorrectionalInstitution.aspx

22. At all times relevant, Defendant Hepp was responsible for the daily operations of WCI. This responsibility includes the supervision of the staff within his institution.

23. Mr. Williams was sentenced in 2019 to 13 years in prison.

24. According to the Wisconsin Department of Corrections, Mr. Williams arrived at WCI on or about April 2, 2021.

25. In his individual and official capacity, Defendant Hepp implemented a lockdown at WCI on or about March 29, 2023.

26. According to prison officials, the lockdown was implemented due to, "some of the institution population breaking rules that are in place to assure everyone's safety." [4]

27. Reporting in the Milwaukee Journal Sentinel also stated, "More than half of the staff positions at Waupun are unfilled, while the prison is housing 120 more people that its 882-person capacity." [5]

28. Based on information and belief, on or near October 21, 2023, Mr. Williams began asking for medical treatment.

29. Mr. Williams sought medical treatment after throwing up blood.

30. According to other inmates in the same housing unit, Mr. Williams was "crying and begging" to go to the emergency room due to severe head pain. [6]

31. Despite his screams, no guards ever provided him with assistance. *Id*.

---

[4] https://www.jsonline.com/story/news/2023/11/02/heres-what-you-need-to-know-about-the-waupun-prison-lockdown/71400906007/

[5] Id.

[6] https://www.msn.com/en-us/news/crime/the-screams-were-blood-curdling-before-cameron-williams-died-at-waupun-prisoners-say-he-begged-staff-for-help/ar-BB1kdKxd

32. Toward the end of October 2023, and according to the above-mentioned inmates, Mr. Williams's speech became "discombobulated," and was described as "jibber jabber." *Id.*

33. Prior to his change in speech, Mr. Williams used to talk or sing all day until other inmates in his housing area would ask him to be quiet. *Id.*

34. Approximately 36 hours later, Mr. Williams was found dead in his cell.

35. Based on information and belief, Mr. Williams sought medical treatment and was ignored by correctional officers at Waupun Correctional Institution.

36. The Dodge County Medical Examiner determined the cause of death to be a stroke caused by "multifocal cerebral venous thrombosis" while under the custody and care of Waupun Correctional Institution (WCI) located in Waupun, Wisconsin.

## CLAIMS

## COUNT I - MONELL LIABILITY - DEFENDANTS

37. Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

38. Defendant WIDOC is a "person" for the purposes of 42 U.S.C. §1983.

39. All Defendants acted under color of state law, while operating in their respective capacities during their interactions with Mr. Williams.

40. WCI had a set of policies, procedures, and protocols pertaining to the administration of medical care to all inmates of WCI.

41. Upon information and belief, between on or about April 2, 2021 and October 30, 2023, Defendants, with deliberate indifference to the rights of Mr. Williams, maintained and permitted a custom, pattern, and/or practice - by and through its agents and employees acting under color of law - ignoring Mr. Williams' rights to adequate medical care.

42. As a direct and proximate result of the customs, patterns, and/or practices of Defendants in their individual and official capacities, Mr. Williams suffered a stroke and passed away.

**COUNT II - VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983**
**(Eighth Amendment – Cruel and Unusual Punishment)**

43. Plaintiff realleges the above paragraphs and incorporates same as if more fully set forth herein.

44. The Eighth Amendment's cruel and unusual punishment clause "imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008).

45. The Eighth Amendment also protects "prisoners from prison conditions that cause 'the wanton and unnecessary infliction of pain.'" *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014).

46. At all times relevant, Mr. Williams was entitled to all rights, privileges and immunities afforded to all incarcerated citizens of the State of Wisconsin and the United States.

47. At all times relevant, Defendants had a duty to protect Mr. Williams from known serious risks to his health or safety.

48. At all times relevant, Defendants were acting within the course and scope of their employment with WIDOC and were acting under color of state law with the authority granted to them as corrections officers, supervisors, shift supervisors, health care providers, wardens, and/or administrators, along with any other roles or responsibilities not mentioned under the supervision of any named Defendant.

49. Pursuant to the Eighth Amendment of the United States Constitution, Mr. Williams had a right to be free from cruel and unusual punishment while incarcerated at WCI and at all

times relevant while under the custody and control of the Wisconsin Department of Corrections.

50. At all times relevant, Defendants had a duty to protect Mr. Williams from known serious risks to his health or safety.

51. At all times relevant, Defendants, with malice, recklessness, and/or deliberate indifference, kept Mr. Williams in a confined area with knowledge he was actively seeking medical treatment.

52. Based on Defendants' actions, Mr. Williams suffered cruel and unusual punishment by unnecessarily suffering from a medical issue which resulted in his death.

53. Mr. Williams is survived by RAVEN ANDERSON, a person eligible to recover damages on Mr. Williams' behalf as their next of kin.

54. By the above-mentioned actions and/or omissions, Defendants deprived Mr. Williams of the rights secured by the Eighth Amendment of the United States Constitution.

**COUNT III - VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983**
**(Eighth Amendment – Deliberate Indifference)**

55. Plaintiff realleges the above paragraphs and incorporates same as if more fully set forth herein.

56. "Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,'…prescribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 1204 (1976).

57. To establish an entitlement to damages for deliberate indifference to a serious medical need, an inmate must show evidence that an objectively serious medical condition was presented that a defendant responded to with deliberate indifference, thus resulting in some injury. *Lord v. Beahm*, 952 F.3d 902, 904 (7th Cir. 2020).

58. At all times relevant, Mr. Williams was entitled to all rights, privileges and immunities afforded to all incarcerated citizens of the State of Wisconsin and the United States.

59. At all times relevant, Defendants had a duty to protect Mr. Williams from known serious risks to his health or safety.

60. Defendants' deliberate indifference to Mr. Williams' well-being was in furtherance of, and consistent with: (a) policies, customs, and practices which WIDOC and WCI promulgated, created, implemented, or possessed responsibility for the continued operation of; and (b) policies, customs, and practices which WIDOC and WCI had responsibility for implementing and which other named Defendants assisted in developing or executing.

61. By the above-mentioned actions and/or omissions, Defendants deprived Mr. Williams of the rights secured by the Eighth Amendment of the United States Constitution.

## COUNT III – VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983
### (Fourteenth Amendment – State Created Danger)

62. Plaintiff realleges the above paragraphs and incorporates same as if more fully set forth herein.

63. The Due Process Clause of the Fourteenth Amendment prohibits state officials from engaging in conduct that renders an individual more vulnerable to harm.

64. Defendants Carr, Hoy, John Does #1 and #2, and Hepp were aware of the environment within WCI and failed to address the issue.

65. Defendants failed to provide adequate medical care to Mr. Williams throughout the course of the lockdown at Waupun Correctional Institution.

66. Defendants' actions, and inactions, constitute a violation of Plaintiff's rights under 42 U.S.C. §1983 and under the Fourteenth Amendment to the United States Constitution, which resulted in his death.

67. Further, Defendants' actions of ignoring pleas for medical treatment made Mr. Williams more vulnerable to harm and constituted deliberate indifference to a serious risk of harm.

68. Defendants' actions and inactions constitute a violation of Mr. Williams' rights under 42 U.S.C. §1983 and under the Fourteenth Amendment to the United States Constitution, which resulted in his death.

### COUNT III – VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983
**(Failure to Train and Supervise)**

69. Plaintiff realleges the above paragraphs and incorporates same as if more fully set forth herein.

70. Supervisory state officials are prohibited from enacting or maintaining unconstitutional policies, practices, or customs with deliberate indifference to the consequences.

71. A supervisor is liable if they at least implicitly authorized, approved of or knowingly acquiesced in the unconstitutional conduct of a subordinate.

72. At all times relevant, Defendants Carr, Hoy, John Does #1 and #2, and Hepp were responsible for the creation and implementation of policies for WIDOC and WCI.

73. At all times relevant, Defendant Hepp was responsible for the daily operations of staff at WCI. This included training of staff.

74. At all times relevant, Defendants failed to provide proper medical care for Mr. Williams while he was under their care and control.

75. In the alternative, Defendants did not have an effective policy or practice that effectively addressed the need to provide medical treatment for inmates under their care.

76. Defendant Hepp also failed to properly train, monitor, or supervise the staff under his supervision.

77. Defendants' actions and inactions constitute a violation of Plaintiff's rights under 42 U.S.C. §1983 and under the Fourteenth Amendment to the United States Constitution, which resulted in his death.

**REQUESTED RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Full and fair compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Reasonable attorney's fees and costs of this action;

d. Award the Estate of CAMERON WILLIAMS, pursuant to all applicable laws, fair and equitable damages, including, but not limited to, reasonable expenses for which the state is liable; and

e. Any such other relief as appears just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all triable issues, per Fed. R. Civ. P. 38(b).

RESPECTFULLY SUBMITTED,

Dated: May 7, 2024.   Electronically signed by:

*Lonnie D. Story*
Lonnie D. Story, Esquire
Attorney for Plaintiff
STORY LAW FIRM, LLC
Wis. Bar #1121459
732 N. Halifax Avenue, #301
Daytona Beach, Florida 32118
(386) 492-5540
lstorylaw@gmail.com