IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

RAVEN ANDERSON, as
Personal Administrator for the
Estate of CAMERON WILLIAMS, Deceased,

      Plaintiff,

    v.                                     Case No. 24-CV-563

WISCONSIN DEPARTMENT OF
CORRECTIONS; et al.,

      Defendants.

## DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

### INTRODUCTION

Plaintiff's Complaint (Dkt. 1) states claims against Defendants Wisconsin Department of Corrections (WDOC), former DOC Secretary Carr, current DOC Secretary Hoy, former Waupun Correctional Institution (Waupun) Warden Hepp, and John Doe defendants who have not yet been named[1].

For the reasons explained below, all of the named Defendants must be dismissed from this action. The Court must dismiss Defendants WDOC, Carr, Hoy, and Hepp. The Court must dismiss all the official capacity claims. The Court must

---

[1] The Wisconsin Department of Justice (WDOJ) has not appeared yet for the John Doe defendants. WDOJ appears for John Doe defendants after they are named.

also dismiss Count I (Monell), Count III-2 (State Created Danger), and Count III-3[2] (Failure to Train).

The only claims that should proceed forward are individual capacity Eighth Amendment claims stated in Count II and Count III-1 against the not yet named John Doe Defendants.

**LEGAL STANDARDS**

Dismissal for failure to state a claim under Rule 12(b)(6) is appropriate when a complaint does not give a defendant fair notice of a legally cognizable claim and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff must plead facts pertaining to his case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). In deciding such a motion, a court treats factual allegations as true and construes them in the light most favorable to the plaintiff, *Ed Miniat, Inc. v. Globe Life Ins. Group Inc.*, 805 F.2d 732, 733 (7th Cir. 1986), but a court does not accept as true "allegations in the form of legal conclusions," *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012).

---

[2] The Complaint states three separate claims under Count III. Each of these claims is referred to as Count III-1, III-2, and III-3 for ease of reference. (Dkt. 1 ¶¶ 37-77).

The main difference between a Rule 12(b)(6) motion and a Rule 12(c) motion is that a Rule 12(b)(6) motion is filed before answering, *see* Fed. R. Civ. P. 12(b) (final unnumbered paragraph), whereas a Rule 12(c) motion is filed "[a]fter the pleadings are closed but within such time as not to delay the trial," *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 n.3 (7th Cir. 1998) (quoting Fed. R. Civ. P. 12(c)); *see also Studio & Partners, s.r.l. v. KI*, No. 06-CV-628, 2006 WL 3813697, at *2 (E.D. Wis. Dec. 27, 2006) (Griesbach, J.) (citing *id.*). "[A] 12(b)(6) motion filed after an answer has been filed is to be treated as a 12(c) motion for judgment on the pleadings and can be evaluated under the same standard as a Rule 12(b)(6) motion." *McMillan v. Collection Professionals Inc.*, 455 F.3d 754, 757 n.1 (7th Cir. 2006). Defendants note that they have answered. (Dkt. 7.) The deadline for parties to amend the pleadings without leave of the Court was October 4, 2024. (Dkt. 21 at 1.)

Whether the Court treats the motion under Rule 12(b)(6) or Rule 12(c), the substantive standards are the same. *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014).

**ARGUMENT**

**I. Wisconsin DOC must be dismissed.**

Plaintiff's Complaint names the Wisconsin Department of Corrections (WDOC) as a Defendant in the action. (Dkt. 1 ¶ 12.) All of Plaintiff's claims in this suit are brought pursuant to 42 U.S.C. § 1983. (Dkt. 1 ¶¶ 37-77; Counts I, II, and three separate claims under Count III.)

WDOC as a state agency, is not a "person" that can be sued under 42 U.S.C. § 1983. *Owens v. Godinez,* 860 F.3d 434, 438 (7th Cir. 2017) citing *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 70-71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). WDOC must be dismissed.

## II. The official capacity claims must be dismissed.

Plaintiff states that the claims in this lawsuit are brought against the Defendants in their individual and official capacities. (Dkt. 1, ¶¶ 25, 42.)

Section 1983 makes certain "persons" liable for deprivations of constitutional rights. *Will,* 491 U.S. 58, 70–71. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* at 71. As such, the official capacity claims must be dismissed.

## III. The Monell liability claim (Count I) must be dismissed.

Plaintiff's Complaint states in Count I a *Monell* liability claim against all Defendants. (Dkt. 1 ¶¶ 37-42.)

States, state agencies, and employees cannot be sued under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690, 98 S. Ct. 2018, 2035, 56 L. Ed. 2d 611 (1978); *Joseph v. Bd. of Regents of Univ. of Wisconsin Sys.*, 432 F.3d 746, 748 (7th Cir. 2005). A *Monell*-type claim can lie against a municipality such as a city or county, but not against a state, a state agency, or a state's officers or employees sued in an official capacity, which are all not suable "persons" under § 1983. *Will*, 491 U.S. at 70 (*citing Monell*, 436 U.S. at 690); *see also Power v. Summers*,

4

226 F.3d 815, 818 (7th Cir. 2000). Furthermore, even if § 1983 provided for *Monell*-type liability against states or state agencies, the Eleventh Amendment would prevent it. *Power*, 226 F.3d at 818. Count I, the *Monell* liability claim, must be dismissed.

**IV.     The State Created Danger claim (Count III-2) must be dismissed.**

The "state created danger" doctrine is a type of Fourteenth Amendment substantive due process claim. *King ex rel. King v. E. St. Louis Sch. Dist. 189*, 496 F.3d 812, 817-818 (7th Cir. 2007).

The Plaintiff's State Created Danger claim asserts that the Defendants failed to provide adequate medical care to the Plaintiff at Waupun Correctional Institution. This 14th Amendment substantive due process claim is duplicative of the Eighth Amendment cruel and unusual punishment and medical deliberate indifference claims already stated in Count II and Count III-1. (Dkt. 1 ¶¶ 43-61.)

A substantive due process claim may not be maintained where a specific constitutional provision protects the right at issue. *Alexander v. McKinney*, 692 F.3d 553, 558 (7th Cir. 2012) *(*"Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Cnty. of Sacramento v. Lewis,* 523 U.S. 833, 842 (1998)) (citations omitted).

For prisoners, the Due Process Clause of the Fourteenth Amendment does not provide a prisoner any more protection than that provided under the Cruel and Unusual Punishment Clause of the Eighth Amendment. *Walker v. Atchison*, No. 3:14-CV-0429-GCS, 2020 WL 1235682, at *6 (S.D. Ill. Mar. 13, 2020); citing *Graham v. Connor*, 490 U.S. 386, 395 (1989) (citations omitted); *see also Tims v. Hepp*, No. 23-CV-745-WMC, 2024 WL 4198551, at *2 (W.D. Wis. Sept. 16, 2024). The Fourteenth Amendment substantive due process claim based on a state created danger (Count III-2) must be dismissed.

## V. The Failure to Train claim (Count III-3) must be dismissed.

"Failure to Train" claims cannot be brought via 42 U.S.C. § 1983 against State officials in their personal capacities for money damages under the Eighth Amendment. *Brown v. Budz*, 398 F.3d 904, 918 (7th Cir. 2005); *Sanville v. McCaughtry*, 266 F.3d 724, 739-40 (7th Cir. 2001)("failure to train claims are usually maintained against municipalities, not against individuals, and, in the Eighth Amendment context, such claims may only be maintained against a municipality" (internal citations omitted)). This claim must also be dismissed.

## VI. Any supervisory liability claims against Defendants Carr, Hoy, and Hepp must be dismissed and these Defendants must be dismissed from this lawsuit.

The remaining claims in this lawsuit are Eighth Amendment cruel and unusual punishment and deliberate indifference claims, stated in Count II and Count III-1. (Dkt. 1 ¶¶ 43-61.)

6

The Complaint fails to state with any particularity that Defendant former DOC Secretary Carr, current DOC Secretary and former Deputy Secretary Hoy, or Waupun Warden Hepp, had any personal involvement in the care and treatment provided to Mr. Williams. The claims in Count III-1 refer to "policies, customs, and practices" created or implemented by WDOC and WCI. (Dkt. 1 ¶ 60.) For the reasons described above, the *Monell* liability claims, the official capacity claims, the failure to train claims, and any claim against WDOC as a state agency defendant, all must be dismissed.

To the extent that Plaintiff intends to state a supervisory liability claim against Defendants Carr, Hoy, or Hepp under the remaining Eighth Amendment claims, these also must be dismissed. Plaintiff has not pled any facts sufficient to maintain a supervisory liability claim against these Defendants. *See Wand v. Kramer*, No. 22-1989, 2023 WL 4045242, at *3 (7th Cir. June 16, 2023) (affirming dismissal at screening of medical care claims against supervisory officials) *citing Stockton v. Milwaukee County*, 44 F.4th 605, 619 (7th Cir. 2022) (affirming district court's dismissal at screening of supervisory defendants where plaintiff has not included any allegations suggesting that any of these proposed defendants were actually involved in his medical care or facilitated, approved, or turned a blind eye to his mistreatment.); *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017) (affirming district court granting judgment on the pleadings on supervisory liability claim).

7

The claims against Defendants Carr, Hoy, and Hepp are stated only in general supervisory liability terms and fail to state a claim. These Defendants must be dismissed from this lawsuit.

## CONCLUSION

For the reasons stated above, the Court must grant judgment on the pleadings and dismiss Defendants WDOC, Carr, Hoy, and Hepp. The Court must dismiss all the official capacity claims. The Court must also dismiss Count I (Monell), Count III-2 (State Created Danger), and Count III-3 (Failure to Train).

The surviving claims that should proceed forward are stated in Count II and Count III-1 and are individual capacity Eighth Amendment deliberate indifference claims against the remaining John Doe Defendants.

Dated: October 18, 2024

    Respectfully submitted,

    JOSHUA L. KAUL
    Attorney General of Wisconsin

    s/Brandon T. Flugaur
    BRANDON T. FLUGAUR
    Assistant Attorney General
    State Bar #1074305

    SAMIR S. JABER
    Assistant Attorney General
    State Bar #1076522

    KEVIN L. GRZEBIELSKI
    Assistant Attorney General
    State Bar #1098414

    Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 267-2229 (Jaber)
(608) 266-7234 (Grzebielski)
(608) 266-1780 (Flugaur)
(608) 294-2907 (Fax)
jaberss@doj.state.wi.us
grzebielskikl@doj.state.wi.us
flugaurbt@doj.state.wi.us