IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

RAVEN ANDERSON, as
Personal Administrator for the
Estate of CAMERON WILLIAMS Deceased,

    Plaintiff,

v.

Case No.: 24-CV-563

KEVIN A. CARR, SECRETARY, WISCONSIN
DEPARTMENT OF CORRECTIONS; JARED HOY, DEPUTY
SECRETARY, JOHN DOE #1, CORRECTIONAL
OFFICER; JOHN DOE #2, CORRECTIONAL
OFFICER and RANDALL HEPP, FORMER WARDEN,
WAUPUN CORRECTIONAL in their individual
and official capacities.

## AMENDED COMPLAINT

NOW COMES Plaintiff, Raven Anderson, as the Personal Administrator of the Estate of Cameron Williams, deceased, by and through her attorneys, Lonnie D. Story, Esq., of the Story Law Firm, LLC, and Steve New and Christopher B. Frost, of Stephen New & Associates, for her claims against the Defendants, alleges and states as follows:

### INTRODUCTION

1. This is a civil rights action in which Plaintiff, Raven Anderson, as Personal Representative for the Estate of Cameron Williams, seeks relief and all damages that flow from Defendants' multiple violations of decedent Cameron William's rights, privileges, and immunities as secured by the Eighth Amendment of the United States Constitution pursuant to 42 U.S.C. §1983.

2. Mr. Williams died on October 30, 2023, because of a stroke caused by "multifocal cerebral venous thrombosis" while under the custody and care of Defendants. At the time of his death, Mr. Williams was an inmate housed at Waupun Correctional Institution (WCI) located in Waupun, Wisconsin.

3. Defendants owed Mr. Williams a duty to protect him from unreasonable dangers while in their custody and care.

4. Prior to Mr. Williams' death, Defendants requested a Department of Justice Investigation due to the discovery of illegal drugs entering their facility during a prolonged lockdown.

5. Defendants willfully and deliberately ignored their duties, specifically their duties to ensure Mr. Williams's civil rights weren't violated by subjecting him to a prolonged lockdown.

6. Defendants' failure to obtain medical care for Mr. Williams resulted in him suffering a fatal stroke.

7. On behalf of the estate of Mr. Williams, as the Personal Representative thereof, Raven Anderson seeks all relief appropriate and allowable resulting from the constitutional violations Defendants inflicted upon Mr. Williams.

8. Plaintiff Raven Anderson also seeks damages for the Estate, including any and all damages recoverable under all applicable state laws, 42 U.S.C. Sections 1983 and 1988, attorney fees and costs, and any further relief deemed proper by this Honorable Court.

## JURISDICTION AND VENUE

9. The jurisdiction of the court is invoked pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983; the Judicial Code, 28 U.S.C. §1331, §1346, and §1391(b); the Constitution of the United States of America; and this Court's supplementary jurisdiction powers pursuant to 28 U.S.C. §1367.

10. Venue is proper in this District under 28 U.S.C.§1391. The parties reside, or at the time the events took place, resided in this judicial district, and the events giving rise to Plaintiff's claims also occurred in this judicial district.

**PARTIES**

11. Plaintiff Raven Anderson, Mr. Williams' mother, is the duly appointed Personal Administrator for the Estate of Cameron Williams. Raven Anderson is a resident of Cook County, Illinois.

12. Defendant Kevin Carr is the Secretary of the Wisconsin Department of Corrections ("WIDOC"). Defendant Carr is responsible for the management of the WIDOC.

13. Defendant Jared Hoy is the Deputy Secretary of the WIDOC and is second in charge of the Department.

14. Defendant John Doe #1 is/was a Correctional Officer at Waupun Correctional Institution while Mr. Williams was incarcerated there. John Doe #1 was on duty on the day Mr. Williams died.

15. Defendant John Doe #2 is/was a Correctional Officer at Waupun Correctional Institution while Mr. Williams was incarcerated there. John Doe #2 was on duty on the day Mr. Williams died.

16. Defendant Randall Hepp is the former Warden at WCI. As warden at WCI, Defendant Hepp was responsible for all staff and inmates at WCI. Defendant Hepp was responsible for the supervision and training of staff under his management. Defendant Hepp was also responsible for ensuring the health, safety, and well-being of all inmates at WCI.

## FACTUAL ALLEGATIONS

17. WIDOC is an entity run by the State of Wisconsin. The Department states that it, "works to protect the public through the constructive management of those placed in its charge. We offer education, programming, and treatment to persons in our care that enables them to be successful upon returning to the community. Our mission is to achieve excellence in correctional practices while fostering safety for victims and communities."[1]

18. Defendants were responsible for and owed a duty to provide medical and mental health services, treatment, and medication to Mr. Williams while in their custody. Defendants were additionally responsible for creating and implementing policies, practices, and protocols that govern the provisions of mail intake, guard monitoring, and the control of illegal contraband entering/exiting WCI.

19. WCI's Purpose Statement alleges, "The purpose of Waupun Correctional Institution (WCI) is to provide inmates, staff, and the public with a safe and secure institution, *while encouraging positive growth and enabling inmates to successfully re-enter society*."[2]

20. Defendant Hepp was responsible for the daily operations of WCI. This responsibility includes the supervision of the staff within his institution.

21. Mr. Williams was sentenced in 2019 to 13 years in prison.

22. According to official records maintained by the WIDOC, Mr. Williams arrived at WCI on or about April 2, 2021.

23. In his individual and official capacity, Defendant Hepp implemented a lockdown at WCI on or about March 29, 2023.

---

[1] *Id.*

[2] https://doc.wi.gov/Pages/OffenderInformation/AdultInstitutions/WaupunCorrectionalInstitution.aspx

24. According to Defendants, the lockdown was implemented due to, "some of the institution population breaking rules that are in place to assure everyone's safety." [3]

25. Reporting in the Milwaukee Journal Sentinel also stated, "More than half of the staff positions at Waupun are unfilled, while the prison is housing 120 more people that its 882-person capacity." [4]

26. Based on information and belief, on or near October 21, 2023, Mr. Williams began asking for medical treatment.

27. Mr. Williams sought medical treatment after throwing up blood.

28. According to other inmates in the same housing unit, Mr. Williams was "crying and begging" to go to the emergency room due to severe head pain. [5]

29. Despite his "cries for help", no guards ever provided him with assistance.

30. Several days later, Mr. Williams's speech became "discombobulated," and was described by his fellow inmates as "jibber jabber."

31. Prior to his change in speech, Mr. Williams used to talk or sing all day until other inmates in his housing area would ask him to be quiet.

32. Approximately 36 hours later, Mr. Williams was found dead in his cell.

33. Mr. Williams sought medical treatment and was ignored by correctional officers at Waupun Correctional Institution.

---

[3] https://www.jsonline.com/story/news/2023/11/02/heres-what-you-need-to-know-about-the-waupun-prison-lockdown/71400906007/

[4] Id.

[5] https://www.msn.com/en-us/news/crime/the-screams-were-blood-curdling-before-cameron-williams-died-at-waupun-prisoners-say-he-begged-staff-for-help/ar-BB1kdKxd

34. The Dodge County Medical Examiner determined the cause of death to be a stroke caused by "multifocal cerebral venous thrombosis" while under the custody and care of Defendants.

## CLAIMS

### COUNT I - VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983
(Eighth Amendment – Cruel and Unusual Punishment)

35. Plaintiff realleges the above paragraphs and incorporates same as if more fully set forth herein.

36. The Eighth Amendment's cruel and unusual punishment clause "imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodilyharm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008).

37. The Eighth Amendment also protects "prisoners from prison conditions that cause 'the wanton and unnecessary infliction of pain.'" *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014).

38. Mr. Williams was entitled to all rights, privileges and immunities afforded to all incarcerated citizens of the State of Wisconsin and the United States.

39. Defendants had a duty to protect Mr. Williams from known serious risks to his health or safety.

40. Defendants were acting within the course and scope of their employment and were acting under color of state law with the authority granted to them as corrections officers, supervisors, shift supervisors, health care providers, wardens, and/or administrators, along with any other roles or responsibilities not mentioned under the supervision of any named Defendant.

41. Pursuant to the Eighth Amendment of the United States Constitution, Mr. Williams had a right to be free from cruel and unusual punishment while incarcerated at WCI and at all times relevant while under the custody and control of the Defendants.

42. At all times relevant, Defendants had a duty to protect Mr. Williams from known serious risks to his health or safety.

43. At all times relevant, Defendants, with malice, recklessness, and/or deliberate indifference, kept Mr. Williams in a confined area with knowledge he was actively seeking medical treatment.

44. Based on Defendants' actions, Mr. Williams suffered cruel and unusual punishment by unnecessarily suffering from a medical issue which resulted in his death.

45. Mr. Williams is survived by Raven Anderson, a person eligible to recover damages on Mr. Williams' behalf as their next of kin.

46. By the above-mentioned actions and/or omissions, Defendants deprived Mr. Williams of the rights secured by the Eighth Amendment of the United States Constitution.

### COUNT II - VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983
### (Eighth Amendment – Deliberate Indifference)

47. Plaintiff realleges the above paragraphs and incorporates same as if more fully set forth herein.

48. "Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,'…prescribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 1204 (1976).

49. To establish an entitlement to damages for deliberate indifference to a serious medical need, an inmate must show evidence that an objectively serious medical condition was

presented that a defendant responded to with deliberate indifference, thus resulting in some injury. *Lord v. Beahm*, 952 F.3d 902, 904 (7th Cir. 2020).

50. Mr. Williams was entitled to all rights, privileges and immunities afforded to all incarcerated citizens of the State of Wisconsin and the United States.

51. Defendants had a duty to protect Mr. Williams from known serious risks to his health or safety.

52. Defendants' deliberate indifference to Mr. William's well-being was in furtherance of, and consistent with: (a) policies, customs, and practices which WIDOC and WCI promulgated, created, implemented, or possessed responsibility for the continued operation of; and (b) policies, customs, and practices which WIDOC and WCI had responsibility for implementing and which other named Defendants assisted in developing or executing.

53. By the above-mentioned actions and/or omissions, Defendants deprived Mr. Williams of the rights secured by the Eighth Amendment of the United States Constitution.

**REQUESTED RELIEF**

WHEREFORE, Plaintiff respectfully requests:

a. Full and fair compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Reasonable attorney's fees and costs of this action;

d. An award to the Estate of Cameron Williams, pursuant to all applicable laws, fair and equitable damages, including, but not limited to, reasonable expenses for which the state is liable; and

e. For any such other relief as appears just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all triable issues, per Fed. R. Civ. P. 38(b).

Respectfully submitted,

**PLAINTIFF**
**By counsel,**


  /s/ *Christopher B. Frost*
Christopher B. Frost (WVSB No. 9411)
STEPHEN NEW & ASSOCIATES
430 Harper Park Drive
Beckley, WV 25801
Ph: (304) 250-6017
Fax: (304) 250-6012
cfrost@newlawoffice.com

And

Lonnie D. Story, Esq. (Wis. Bar #1121459)
STORY LAW FIRM, LLC
732 N. Halifax Ave., #301
Daytona Beach, FL 32118
Ph: (386-492-5540
lstorylaw@gmail.com

Jon E. Stanek
STANEK LAW OFFICE
State Bar No. 1056151
901 Fourth Street, Suite 282
Hudson, WI 54016
Tel: (715) 379-0744
Email: jon@staneklawoffice.com


Dated: December 6, 2024.