IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

RAVEN ANDERSON, as
Personal Administrator
Estate of CAMERON
WILLIAMS, Deceased,

      Plaintiff,

v.                                        Case No.24-CV-563

KEVIN A. CARR, FORMER SECRETARY,
WISCONSIN DEPARTMENT OF
CORRECTIONS, et al.,

      Defendants.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT (DKT. 38)**

COMES NOW, Plaintiff Raven Anderson, as Personal Administrator for the Estate of Cameron Williams, Deceased ("Plaintiff") by and through the undersigned counsel, pursuant to *Federal Rule of Civil Procedure 12(B)(6)* and respectfully submits this *Plaintiff's Response in Opposition to Defendants' Partial Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 38)*, stating as follows:

### I.     STATEMENT OF PROCEEDINGS AND ALLEGED FACTS

Plaintiff filed her *Second Amended Complaint* ("*Sec. Am. Compl.*") [Dkt. 34-1] seeking damages for the injuries and wrongful death of Cameron Williams that occurred while he was incarcerated at Waupun Correctional Institution. *Sec. Am. Compl.* at ¶¶ 1, 16. Plaintiff Raven Anderson is the duly appointed Personal Administrator of Cameron William as his mother. *Id.* at ¶ 22.

Plaintiff named Kevin A. Carr, Former Secretary, Wisconsin Department of Corrections; Jared Hoy, Secretary; Correctional Officer; John Doe #1 and #2; and, Randall Hepp, Former Warden, Waupun Correctional as Defendants.

Defendant Kevin Carr ("Carr") is the former Secretary of the Wisconsin Department of Corrections ("WIDOC"). *Id*. at ¶ 23. Defendant Carr was responsible for the management of the WIDOC, including Waupon. *Id*. Defendant Carr resigned as Secretary of the Wisconsin Department of Corrections shortly after the death of Mr. William. *Id*. at ¶ 28.

Defendant Jared Hoy ("Hoy") is the current Secretary of the WIDOC and was second in charge at the time of Mr. Williams' death. *Id*. at ¶ 29.

Defendants John Doe #1 and John Doe #2 are/were correctional officers or medical/healthcare providers while Mr. Williams was incarcerated there and were on duty on the day Mr. Williams died. *Id*. at ¶¶ 34-35.

Plaintiff alleges claims for Eighth Amendment Violations Under 42 U.S.C. § 1983 (Count I); Gross Negligence (Count II); Negligent Hiring (Count III); Negligent Supervision and Training (Count IV); Negligent Retention (Count V). Defendants seek dismissal under Rule 12(b)(6) contending that the *Second Amended Complaint* fails to state a supervisory liability claim against Defendants Carr, Hoy, and Hepp. Further, Defendants contend that all of the state law claims should be dismissed on for noncompliance with the notice of claim statute under Wis. Stat. § 893.82. Plaintiff is timely submitting her *Response in Opposition*.

Cameron Williams ("Mr. Williams") died on October 30, 2023 as a result of Defendants' deliberate indifference to Plaintiff's serious medical needs while he was incarcerated at Waupun Correctional Institution (Waupun), which caused his death. *Sec. Am. Compl.* at ¶¶ 1- 2. Plaintiff

alleges that Defendants owed Mr. Williams a duty to protect him from unreasonable dangers. *Id*. at ¶ 3.

Conditions at Waupun were unreasonably dangerous during the time Mr. Williams was incarcerated. Prior to his death, the State of Wisconsin had requested that the Department of Justice investigate the unsafe and dangerous conditions that existed at Waupun. *Id*. at ¶ 4. Waupun was also understaffed and overcrowded resulting in the inability of Waupun staff to provide adequate health care to inmates. *Id*. at ¶¶ 5-8.

Defendants Carr and Hoy had a policy or custom of continuing to maintain Waupun in an overcrowded and understaffed condition, both as to correctional staff and medical personnel; failing to provide adequate food and water to inmates; and. failing to provide proper medical care to inmates. *Id*. at ¶¶ 9-11. Moreover, Defendants knew that the extended lockdown at Waupun was creating an unsafe and dangerous environment for inmates. *Id*. at ¶ 13.

Investigations following the death of Mr. Williams and other inmates at Waupun revealed that state lawmakers, Wisconsin Department of Corrections officials, and Waupun officials had known for years about the unsafe and dangerous conditions that existed at Waupon but took little action to address the problems. *Id*. at ¶ 12. As a result of the known, unsafe and dangerous conditions that existed, former Warden, Randall Hepp, and eight other prison employees were arrested and charged in connection with multiple prisoner deaths at Waupun. *Id*. at ¶ 18. Prior to these deaths, Defendants Kevin A. Carr, Jared Hoy, and Randall Hepp were aware of the unsafe and dangerous conditions that existed at Waupun but failed to take corrective action to remedy those conditions. *Id*. at ¶ 16.

Defendants Carr, Hoy, and Pusich were aware that the lockdown, understaffing, and overcrowding were creating an unsafe and dangerous environment for the inmates; was aware

that inmates housed were being denied access to proper medical care, including psychological services; and, was aware that during the lockdown, inmates were being confined mostly to their cells, which deprived them of fresh air, family visits, clean water, and occasionally safe food to eat. *Id*. at ¶¶ 24-26; 30-32. Although these Defendants knew about the unsafe and dangerous conditions at Waupun, they failed to take corrective action to ensure that inmates housed there were properly cared for. *Id*. at ¶ 27; 33.

Moreover, Defendant Hepp, who was the Warden, was vested with the duties to treat the inmates humanely and furnish them with proper food and lodging and confinement, which includes the ministerial duties of summoning necessary medical care of assistance for instances of serious medical need, and who is obligated with the ministerial duty to provide all inmates with health care comparable to that available to citizens in the surrounding community. *Id*. at ¶ 40. Defendant Hepp was further responsible for the appointment and removal of jail personnel and is liable for the conduct of his staff under state law. *Id*. Defendant Hepp, by operation of law, had the ministerial duty to train his staff to ensure that policies, including those involving the booking of inmates, supervision of inmates, surveillance of inmates, and the provisions of medical care to inmates, are known and enforced. *Id*. at ¶ 41. Defendant Hepp, by operation of law, had the ministerial duty to supervise his staff to ensure the policies, including those involving the bookings of inmates, supervision of inmates, surveillance of inmates, and the provision of medical care to inmates, are known and enforced. *Id*. at ¶ 42. Defendant Hepp, by operation of law, had the ministerial duty to exercise reasonable and ordinary care and diligence to prevent unlawful injury to inmates placed in his custody. *Id*. at ¶ 43.

On or about April 2, 2021, Mr. Williams arrived at Waupun. *Id*. at ¶ 62. Defendant Hepp implemented a lockdown at Waupun on or about March 29, 2023, which the lockdown was

4

implemented due to, "some of the institution population breaking rules that are in place to assure everyone's safety." *Id*. at ¶ 51; 53. Defendants Carr and Hoy authorized the lockdown at Waupun, or in the alternative, did not object to the lockdown. *Id*. at ¶ 52.

On or about October 21, 2023, Cameron Williams began asking for medical treatment after throwing up blood. *Id*. at ¶¶ 55-56. According to other inmates in the same housing unit, Mr. Williams was "crying and begging" to go to the emergency room due to severe head pain. *Id*. at ¶ 57. Despite his "cries for help", no guards or medical personnel ever provided him with assistance. *Id*. at ¶ 58.

Several days later, Mr. Williams's speech became "discombobulated," and was described by his fellow inmates as "jibber jabber." *Id*. at ¶ 59. Prior to his change in speech, Mr. Williams used to talk or sing all day until other inmates in his housing area would ask him to be quiet. *Id*. at ¶ 60.

Approximately 36 hours after requesting medical care, Cameron Williams was found dead in his cell. *Id*. at ¶ 61. The cause of death to be a stroke caused by multifocal cerebral venous thrombosis, which occurred while under the custody and care of Defendants. *Id*. at ¶ 63.

## II. LAW AND ARGUMENT

### A. Legal standards.

Determining the sufficiency of a complaint under Rule 12(b)(6), "when evaluating a motion to dismiss under Rule 12(b)(6), the court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences from those facts in the plaintiff's favor." *Hulce v. Lustre-Cal Corp.*, No. 20-cv-775-pp, 2021 U.S. Dist. LEXIS 95879, at *11 (E.D. Wis. May 20, 2021) (citing, *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011)). A plaintiff must plead "factual allegations that allow the court to make a reasonable inference regarding the

liability of the defendant" and "must include enough factual content to give the opposing party notice of what the claim is and the grounds upon which it rests." *Wallin v. Tecomet Inc.*, No. 23-cv-1005-bhl, 2024 U.S. Dist. LEXIS 151411, at *11 (E.D. Wis. Aug. 23, 2024) (citations and internal quotation marks omitted).

### B. Plaintiff does not intend to make any official capacity claims

Plaintiff does not intend to make any claims against any of the Defendants in their official capacities. Any indication otherwise is unintended. Plaintiff alleges that the Defendants were acting under the color of state law and in the scope of their employment at the time of the alleged wrongful acts. *Sec. Am. Compl.* at ¶ 72. Further, Plaintiff is not seeking declaratory or injunctive relief against any Defendant.

### C. Defendants Carr, Hoy, and Hepp should not be dismissed.

Plaintiff did not bring this action on the basis that Defendants Carr, Hoy, and Hepp were personally involved in the medical care and treatment of Mr. Williams' serious medical condition and substantial risk of harm resulting from his lack of medical care. Plaintiff brought this action on the basis that these Defendants were personally aware of the overcrowding, understaffing, the lockdown, and lack of constitutionally adequate medical care, all of which resulted in Mr. Williams' death. "Supervisors 'need not participate directly in the deprivation [of civil rights] for liability to follow under § 1983.'" *Freeman v. City of Milwaukee*, 994 F. Supp. 2d 957, 969 (E.D. Wis. 2014) (citing, *Backes v. Village of Peoria Heights, Ill.*, 662 F.3d 866, 869-70 (7th Cir. 2011)). Thus, Defendants Carr, Hoy, and Hepp are not required to participate directly in Mr. Willliams' care to establish liability. Rather, "deliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or "turn[s] a blind eye" to it. "*Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (citing, *Vance v. Peters*,

97 F.3d 987, 992-93 (7th Cir. 1996) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)).

The *Perez* Court's discussion of *Gentry* is instructive. While the defendant superintendent in *Gentry* did not actively deprive the inmate of "scribe materials," the defendant "knew of the denial" and "systematically ignored the requests for redress." *Perez*, at 782. The systemic actions were sufficient to defeat summary judgment. *Id*. The Seventh Circuit Court of Appeals recognizes that supervisory liability under Section 1983 may be found when a plaintiff produces "evidence of a widespread custom or practice resulting in a deprivation of [a plaintiff's] constitutional rights." *Stockton v. Milwaukee Cty.*, 44 F.4th 605, 619 (7th Cir. 2022). Moreover,

> A defendant 'will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent.' *Chavez,* 251 F.3d at 652. This definition recognizes that the individual does not have to have participated directly in the deprivation. *See McPhaul v. Board of Comm'rs of Madison Co.,* 226 F.3d 558, 566 (7th Cir. 2000) (quotation omitted). Thus, a supervisor may be liable for 'deliberate, reckless indifference' to the misconduct of subordinates. *See Chavez,* 251 F.3d at 651. ('The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.') (quotations omitted).

*Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

Therefore, each of the Defendants seeking dismissal either directly participated in the unconstitutional condition that caused or contributed to causing Mr. Williams' death or were aware of the condition and failed to provide a remedy. Defendant Hepp ordered a lockdown and Defendants Carr and Hoy knew of the lockdown and failed to take any action to end the lockdown. All three of these Defendants contributed and/or were aware of the overcrowding, understaffing, and inadequate medical care and failed to remedy an unconstitutional condition with resulted in Mr. Williams' death. Therefore, dismissal is improper.

### D. Plaintiff's state law claim (Count II) for medical malpractice should not be dismissed because Wis. Stat. § 893.82 is inapplicable to the claim.

7

Case 2:24-cv-00563-WED     Filed 03/28/25     Page 7 of 10     Document 42

Defendants correctly state that pursuant to Wis. Stat. § 893.82 a potential plaintiff must file a notice of claim with the Attorney General prior to commencing a civil proceeding against a state actor. The statute, however, includes an exception for medical malpractice claims. Wis. Stat. § 893.82(5m) provides in pertinent part that "[w]ith regard to a claim to recover damages for medical malpractice, the provisions of subs. (3), (3m), and (4) do not apply." See also, *Burgess v. Boughton*, No. 16-cv-846-jdp, 2017 U.S. Dist. LEXIS 135408, at *10 (W.D. Wis. Aug. 23, 2017) ("Second, subsection (5m) excepts medical malpractice claims seeking damages from the notice-of-claim requirement.").

Plaintiff alleges that the Defendants owed a duty to Mr. Williams to provide reasonable medical care Defendants breached their duties. *Sec. Am. Compl.* at ¶ 88. Plaintiff further alleges that Mr. Williams suffered as a result of the breaches of duties and Plaintiff is entitled to recover damages. *Id*. at ¶ 89. Therefore, Plaintiff's medical malpractice claim survives despite the fact that Notice of the Claim was not provided. Plaintiff concedes that if no notice was provided to the Attorney General regarding the remaining state law claims, this Court does not have jurisdiction over those claims.

### III.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court **DENY** *Defendants' Partial Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 35)* with respect to the supervisory claims and medical malpractice claims.

__/s/ *Stephen P. New*__
Stephen P. New (WVSB No. 7756)
STEPHEN NEW & ASSOCIATES
430 Harper Park Drive
Beckley, WV 25801
Ph: (304) 250-6017
Fax: (304) 250-6012
steve@newlawoffice.com

And

Lonnie D. Story, Esq. (Wis. Bar #1121459)
STORY LAW FIRM, LLC
732 N. Halifax Ave., #301
Daytona Beach, FL 32118
Ph: (386-492-5540
lstorylaw@gmail.com

Jon E. Stanek
STANEK LAW OFFICE
State Bar No. 1056151
901 Fourth Street, Suite 282
Hudson, WI 54016
Tel: (715) 379-0744
Email: jon@staneklawoffice.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

RAVEN ANDERSON, as the
Personal Administrator for the
Estate of CAMERON WILLIAMS, Deceased,

    **Plaintiff,**

    v.                                     Case No. 24-CV-563

WISCONSIN DEPARTMENT OF
CORRECTIONS; KEVIN A. CARR,
SECRETARY, WISCONSIN DEPARTMENT
OF CORRECTIONS; JARED HOY, DEPUTY
SECRETARY, JOHN DOE #1,
CORRECTIONAL OFFICER; JOHN DOE
#2, CORRECTIONAL OFFICER and
RANDALL HEPP, WARDEN, WAUPUN
CORRECTIONAL in their individual and
official capacities.

    **Defendants.**

---

## CERTIFICATE OF SERVICE

The undersigned counsel for Plaintiff hereby certifies that a true and correct copy of the foregoing *Plaintiff's Response in Opposition to Defendants' Partial Motion to Dismiss Plaintiff's Second Amended Complaint* was filed with the clerk on March 28, 2025, via the Court's CM-ECF Filing System which will provide electronic notification to all counsel of record.

                                                ***/s/ Stephen P. New***
                                                Stephen P. New, WV Bar #7756)