UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RAVEN ANDERSON,

    Plaintiff,

v.                                                Case No. 24-CV-563

KEVIN A. CARR, JARED HOY, RANDAL HEPP,
JOHN DOE #1, and JOHN DOE #2,

    Defendants.

## ORDER

On December 20, 2024, the defendants filed a motion for judgment on the pleadings on the first amended complaint, asking the court to dismiss the official capacity claims and claims pursuant to the Eighth Amendment against defendants Kevin A. Carr, Jared Hoy, and Randall Hepp under a theory of supervisor liability. (ECF No. 30.) In response, the plaintiff, Raven Anderson, who is the personal representative of the Estate of Cameron Williams, filed a motion to again amend/correct the complaint. (ECF No. 34.) In her memorandum of law in support of her motion to amend Anderson stated that, shortly after the defendants filed their motion for judgment on the pleadings, the parties held a telephone conference wherein the defendants agreed to allow Anderson to file a second amended complaint. (ECF No. 36 at 2.) Anderson agreed to dismiss an official capacity claim that had been asserted pursuant to *Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658 (1978), as well as two state law tort claims. (*Id.*)

On February 24, 2025, the defendants filed a motion to partially dismiss Anderson's second amended complaint, requesting the court dismiss the purported official capacity claims, the Eighth Amendment claims brought under a theory of supervisor liability against Kevin A. Carr, Jared Hoy, and Randal Hepp, and the Wisconsin state law claims because Anderson did not comply with the notice requirements under Wis. Stat. § 893.82. (ECF No. 38.)

This order addresses these motions.

## SECOND MOTION TO AMEND THE COMPLAINT (ECF NO. 34)

Anderson states that she received the defendants' written consent to amend the complaint, as required by Fed. R. Civ. P. 15(a)(2). (ECF No. 36 at 2.) As such, the court grants Anderson's motion to amend the complaint a second time. The second amended complaint (ECF No. 34-1) is now the operative complaint.

## JUDGMENT ON THE PLEADINGS (ECF NO. 30)

Because Anderson's second amended complaint supersedes the first amended complaint, which is the subject of the defendants' motion for judgment on the pleadings, the court denies the defendants' motion for judgment on the pleadings as moot.

## MOTION FOR PARTIAL DISMISSAL OF THE SECOND AMENDED COMPLAINT (ECF NO. 38)

The defendants assert that the following claims must be dismissed: Anderson's official capacity claims; the claims pursuant to the Eighth Amendment under a theory of supervisory liability against Carr, Hoy, and Hepp; and the claims brought pursuant to Wisconsin state law. They do not request that the Eighth Amendment claims against the two John Doe correctional officer defendants be dismissed.

*Facts*

On April 2, 2021, Cameron Williams, the now-deceased prisoner whose death is the subject of this suit, arrived at Waupun Correctional Institution. (ECF No. 34-1, ¶ 50.) Two years later, on March 29, 2023, Hepp implemented a lockdown at Waupun because there had been several incidents of prisoners breaking safety rules. (*Id.*, ¶ 51.) Carr and Hoy knew about the lockdown and approved it. (*Id.*, ¶ 52.) The lockdown allegedly caused unsafe conditions and limited inmates' access to health care. (*Id.*, ¶ 79.)

On October 21, 2023, after throwing up blood, Williams began asking for medical treatment. (ECF No. 34-1, ¶¶ 55-56.) Several other prisoners in his housing unit also stated that Williams was "crying and begging to go to the emergency room due to severe head pain." (*Id.*, ¶ 57.) No prison staff provided Williams with assistance or health care. (*Id.*, ¶ 58.) Over the next several hours, Williams's speech was "discombobulated" and unintelligible, which according to other prisoners in his housing unit was unusual. (*Id.*, ¶¶ 59-60.) Thirty-six hours after asking for medical treatment, Williams was found dead in his cell. (*Id.*, ¶ 61.)

*Standard of Review*

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim for relief that is plausible on its face.' . . . Factual allegations are accepted as true at the pleading stage, but 'allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion.'" *Adams v. City of Indianapolis,* 742 F.3d 720, 728-29 (7th Cir. 2014) (citations omitted). The allegations must "permit the court to infer more than the mere possibility of misconduct." *Olson v. Champaign Cty., Ill.*, 784 F.3d 1093, 1099

3

(7th Cir. 2015) (citations omitted). At this stage, the court does not ask whether what is alleged actually occurred but instead whether it could have occurred. *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

*Official Capacity Claims*

The defendants state that Anderson brings claims against them in their individual and official capacities. (ECF No. 32-1, caption, ¶ 51.) In response, Anderson states that she intended merely to allege that the defendants "were acting under the color of state law and in the scope of their employment at the time of the alleged wrongful acts." (ECF No. 42 at 6.) Anderson did not intend to assert claims against the defendants in their official capacities. (*Id.*) As such, the court will grant the motion to dismiss as to the official capacity claims. Nothing in the second amended complaint shall be interpreted as bringing an official capacity claim against any defendant.

*Supervisor Liability Claims*

The defendants assert that Carr, Hoy, and Hepp cannot be held liable under the Eighth Amendment on a theory of supervisor liability.

Anderson's second amended complaint asserts that, because Hepp was responsible for the day-to-day operations at Waupun, he was responsible for ensuring that Waupun's staff was appropriately supervised and that the conditions were safe. (ECF No. 34-1, ¶¶

4

40-43, 47.) And Carr and Hoy, as Hepp's supervisors, were responsible for ensuring that Hepp "was properly doing his job, and that the inmates under his control and supervision were properly cared for." (*Id.*, ¶¶ 23-31, 48.) Anderson also alleges that Hepp, Carr, and Hoy "had actual or constructive knowledge that their subordinates were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury." (*Id.*, ¶ 77.) In other words, Hepp, Carr, and Hoy instituted policies, procedures, and/or customs to deal with overcrowding and understaffing, including implementing a lockdown, that they knew resulted in poor prison conditions and rendered medical care to inmates unavailable.

Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Hildebrant v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003) (quoting *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996)). Because §1983 makes public employees liable "for their own misdeeds but not for anyone else's," *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir.2009), a plaintiff must allege what each individual defendant did (or did not do) to violate his constitutional rights.

"The doctrine of *respondeat superior* does not apply to § 1983 actions; thus, to be held individually liable, a defendant must be personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 741 (7th Cir. 2001) (quotations omitted). "A defendant will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." *Id.* (quotation omitted). However, the individual

5

defendant "does not have to have participated directly in the deprivation." *Id.* Liability may be found "where an official knows about unconstitutional conduct and facilitates, approves, condones, or 'turns a blind eye.'" *Perez v. Fenogolio*, 792 F.3d 768, 781 (7th Cir. 2015) (quoting *Vance*, 97 F.3d at 992-93).

In *Ollison v. Gossett*, -- F.4d --, 2025 WL 1318362, (7th Cir. May 7, 2025), the Seventh Circuit Court of Appeals identified two categories of claims for deliberate indifference to medical needs: first, "claims of isolated instances of indifference to a particular inmate's medical needs", and, second, "claims that systemic deficiencies at the prison's health care facility rendered the medical treatment constitutionally inadequate for all inmates." *Id.* at *3. "Even though they are separate categories, '[t]he subjective state-of-mind element applies to claims of isolated incidents of indifference *and* pervasive deficiencies in prison medical treatment.'" *Id.* (quoting *Rasho v. Jeffreys*, 22 F.4th 703, 710 (7th Cir. 2022)).

""The general responsibility of a warden for supervising the operation of a prison is not sufficient to establish personal liability' for systemic deficiencies." *Id.* (quoting *Steidl v. Gramley*, 151 F.3d 739, 741 (7th Cir. 1998)). "To prevail on a systemic deficiency claim, the plaintiff must demonstrate that 'there are such systemic and gross deficiencies in staffing, facilities, equipment, or procedures that the prison population is effectively denied access to adequate medical care.'" *Id.* (quoting *Wellman v. Faulkner*, 715 F.2d 269, 272 (7th Cir. 1983)).

The court in *Ollison* held that the plaintiff's complaint "only contains general allegations" and did not put the defendant wardens on notice "of the factual grounds on

6

which his systemic deficiency claim rests." *Id.* at *5. Specifically, the complaint did not mention any specific deficiencies in the health care system of the prison that impacted the provision of health care to prisoners, such as poor staff performance or lack of managerial oversight. (*Id.*) Nor did the complaint allege that the wardens knew about the impact of the systemic deficiencies on the provision of health care to prisoners. (*Id.*)

Anderson's second amended complaint similarly lacks allegations describing the way in which the lockdown or other policies and procedures implemented by the defendants created an unsafe and dangerous environment for the prisoners. Nor does it describe in what way the defendants had a policy or custom of failing to provide proper medical care to inmates. At most, the second amended complaint alleges that Hepp, Hoy, and Carr generally knew their policies and customs were rendering healthcare inaccessible. Because Anderson's second amended complaint contains only general allegations and does not put the defendants on notice of the factual grounds on which her systemic deficiency claim rests, it does not state an Eighth Amendment deliberate indifference claim against Hepp, Hoy, and Carr.

Because Anderson's second amended complaint does not state an Eighth Amendment claim against Hepp, Carr, and Hoy under a theory of supervisor liability, the Eighth Amendment claims against them are dismissed.

*Wisconsin State Law Claims*

Anderson concedes that she did not timely file a notice of claim with the Wisconsin Attorney General for all but the Gross Negligence (Count II) claim, which she now contends is a state law medical malpractice claim. As for Count II, Anderson argues that

the Wisconsin state law notice statute, Wis. Stat. § 893.82(5m), provides an exception to the notice requirement for medical malpractice claims. Because the second amended complaint alleges that the defendants owed a duty to provide reasonable medical care, and they breached that duty, Anderson argues it sufficiently states a medical malpractice claim. (ECF No. 34-1, ¶ 88.)

Count II names all defendants, including the John Doe correctional officers. However, none of these defendants are medical professionals. "Non-doctors may not be sued for medical malpractice for the purposes of the notice statute." *Tackett v. Jess*, 853 Fed. App'x 11, 14 (7th Cir. 2021). As such, Count II is dismissed.

## CONCLUSION

The court grants Anderson's motion for leave to amend the complaint, and the second amended complaint is now the operative complaint. Because the first amended complaint is no longer the applicable complaint, the court denies the defendants' motion for judgment on the pleadings as moot. The court grants the defendants' partial motion to dismiss. The Eighth Amendment supervisor liability claims against Hepp, Carr, and Hoy are dismissed. All the state law tort claims are dismissed because the defendants did not comply with the Wisconsin state law notice statute.

Because there are no remaining claims against Hepp, Carr, and Hoy, they are dismissed from the case. The only remaining claim is the Eighth Amendment claim against the two John Doe correctional officers. The court will set a scheduling conference to reset the remaining deadlines.

**THEREFORE, IT IS ORDERED** that Anderson's motion for leave to amend the complaint (ECF No. 34) is **GRANTED**. The second amended complaint (ECF No. 34-1) is now the operative complaint.

**IT IS FURTHER ORDERED** that the defendants' motion for judgment on the pleadings (ECF No. 30) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the defendants' motion to partially dismiss the plaintiff's second amended complaint (ECF No. 38) is **GRANTED**. To the extent the second amended complaint brings official capacity claims, they are **DISMISSED**. The Eighth Amendment claims under a theory of supervisor liability against Kevin A. Carr, Jared Hoy, and Randall Hepp, are **DIMISSED**. The Wisconsin state law tort claims are **DISMISSED**. Because there are no remaining claims against Carr, Hoy, and Hepp, are **DISMISSED**.

Dated in Milwaukee, Wisconsin this 16th day of May, 2025.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge